**ZI QIANG ZHENG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–3071–ag.

United States Court of Appeals, Second Circuit.

Oct. 24, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Alice H. Martin, United States Attorney for the Northern District of Alabama, Jenny L. Smith, Assistant United States Attorney, Birmingham, AL, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER, Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Zi Qiang Zheng, a native and citizen of the People's Republic of China, seeks review of a June 13, 2006 order of the BIA affirming the February 14, 2006 decision of immigration judge ("IJ") Paul A. DeFonzo denying his motion to reopen his immigration proceedings. *In re Zi Qiang Zheng,* No. A 70 651 174 (BIA June 13, 2006), *aff'g* No. A 70 651 174 (Immig. Ct. N.Y. City February 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

Upon our review, we conclude that the BIA did not abuse its discretion in denying Zheng's motion. Zheng failed to present any evidence indicating that he would be sterilized upon return to China on account of his three United States-citizen children, and the BIA correctly noted that none of the submitted evidence established Zheng's *prima facie* eligibility for relief. *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Indeed, this Court has previously found insufficient to merit reopening the same evidence that Zheng submitted with his motion, including, *inter alia,* an affidavit from demographer John Aird, documents describing the People's Family Planning Law and State

Department Country Conditions reports. *See e.g.*, *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005); *Guan v. BIA*, 345 F.3d 47 (2d Cir.2003); *Wei Guang Wang v. BIA*, 437 F.3d 270, 274–76 (2d Cir.2006). Because Zheng's fear of future persecution based on the birth of his three United States-citizen children is unsubstantiated, the BIA did not abuse its discretion in denying the motion to reopen. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two U.S.-born children, "his fear is speculative at best").

For the foregoing reasons, the petition for review is DENIED. Any pending motion to stay removal is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).